# UNITED STATES DISTRICT COURT
for the
_____ District of _____

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)* | )<br>)<br>)  Case No.   1:23-mc-00834<br>)<br>)<br>) |

**APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS**

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
  ❒ evidence of a crime;
  ❒ contraband, fruits of crime, or other items illegally possessed;
  ❒ property designed for use, intended for use, or used in committing a crime;
  ❒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

  *Code Section*                                    *Offense Description*

The application is based on these facts:

  ❒ Continued on the attached sheet.
  ❒ Delayed notice of \_\_\_\_\_ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Geoffrey Ford*
*Applicant's signature*

*Geoffrey Ford, Special Agent, FBI*
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ *(specify reliable electronic means)*.

Date: _____       *Susan E. Schwab*
                                                            *Judge's signature*

City and state: _____
                                                            *Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Special Agent Geoffrey Ford of the Federal Bureau of Investigation ("FBI"), being duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application for a search warrant under 18 U.S.C. §§ 3103 and 3107, which would authorize investigators to search of information contained within an iPhone cellular telephone (the "**SUBJECT DEVICE**") that is currently in secure storage maintained by the Federal Bureau of Investigation.

2. I am an "investigative or law enforcement officer . . . of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516.

3. I am a Special Agent with the FBI and have been so employed since 2007. I am presently assigned to the FBI, Philadelphia Division, Capital Area Resident Agency in York, Pennsylvania. In my duties as a Special Agent, I have conducted public corruption investigations, been assigned to a violent crimes task force and

currently have responsibility for managing terrorism related matters. As an FBI Special Agent, one of my primary duties is the enforcement of federal laws and the protection of associated government witnesses which surface during these investigations and subsequent prosecution. I have participated in numerous public corruption, violent crime and terrorism related investigations, during which I have executed federal search and arrest warrants, reviewed and analyzed taped conversations, and debriefed witnesses, including cooperating witnesses and confidential sources. I have also participated in the analysis and use of pen registers, trap and trace devices, and search warrants of cellular towers. I have also participated in the execution of search warrants for residences, businesses, cellphones, and vehicles. As a federal agent, I am authorized to investigate violations of laws of the United States, and as a law enforcement officer I am authorized to execute warrants issued under the authority of the United States.

4. Through training and experience, I have become familiar with the manner in which suspects use telephones, cellphone technology, social media resources, pagers, coded communications or slang-filled telephone conversations, false or fictitious identities, and other means to

facilitate their illegal activities and thwart law enforcement investigations.

5. Based on my training and experience, I am familiar with the methods of operation employed by suspects, such as in the investigation here.

6. Based on this familiarity, I know that cellphones are an indispensable tool of those involved in violent crime conspiracies, such as conspiracies to solicit minors for the purpose of unlawful sexual contact. People involved in criminal activity use cellphones, Short Message Service ("SMS"), Multimedia Messaging Service ("MMS"), electronic mail ("e-mail"), cellular applications and similar electronic means and/or devices, often under fictitious names or names other than their own, in furtherance of their goals.

7. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, witnesses, and agencies.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant.  It does not set forth all of my knowledge, or the knowledge of others, about this matter.

8.	Based on my training and experience and the facts as set forth in this affidavit, I respectfully submit that there is probable cause to believe that a violation of 18 U.S.C. § 2422(b), Attempted Coercion and Enticement of a Minor has been committed by Melad FAHMY. There is also probable cause to search the information described in Attachment A for evidence, instrumentalities, contraband or fruits of these crimes further described in Attachment B.

## PROBABLE CAUSE

9.	On February 10, 2022, the Federal Bureau of Investigation, in conjunction with state and local law enforcement partners, conducted an online enticement undercover operation in the greater Harrisburg, Pennsylvania area targeting "skipthegames.com," a commercial sex advertisement website. The purpose of the operation was to identify users of this website who were specifically interested in sexual activity with juveniles and willing to travel to accomplish this goal. The operation took place at the Ramada Inn, 300 North Mountain Road, Harrisburg, Pennsylvania.

10.	On this date, an advertisement was posted on skipthegames.com with the following description, "Need money, no

games, no drama, young and fresh so must be discreet. Safe incall only," with a phone number listed.  This phone number was associated with an FBI Online Covert Employee, an undercover agent, who was alleging to be the aunt of a 13-year-old female.  The advertisement was offering sexual activity with the juvenile female.

11. In response to this advertisement, the undercover employee was contacted by number (610) 924-7645, which is a VoIP number, voice over internet, essentially internet calling/texting.  At the time of the call, this number was owned by TextPlus, a VoIP company in Los Angeles, California.  TextPlus can be loaded onto Apple and Android phones via an app.  Per the TextPlus website, use of a TextPlus number requires the user's Apple or Android device is connected to a working Wi-Fi connection or that the device has an active data plan on it.

12. The undercover employee and the user of the 7645 number subsequently engaged in an extended text message conversation, during which the terms and pricing of a sexual encounter with the purported 13-year-old female were negotiated.  While engaged in the text conversation, the undercover employee also unsuccessfully attempted multiple times to send an image of the niece via text message.

Ultimately, at the request of the user of the 7645 number, the image was sent to email address mhanna32@yahoo.com. A subpoena to Yahoo, Inc. detailed this email account is registered to Miriam Hanna, with a verified recovery email of fahmy_melad@yahoo.com and a verified recovery phone of (717) 914-8190. Reliable law enforcement databases indicate this number is associated with Melad Fahmy.

13. During their text message conversation, the undercover employee provided the Ramada Inn, 300 North Mountain Road, Harrisburg, Pennsylvania address as the meet location. At approximately 8:26 PM, after having gone to an adjacent incorrect hotel, the user of the 7645 number user stated they were at the Ramada Inn. The undercover employee then stated they would come to the hotel lobby to retrieve the caller. FBI agents were positioned in the lobby when a call was placed to the 7645 number, which was answered in the presence of agents by Melad Fahmy.

14. Agents identified themselves to Fahmy and advised him he was under arrest. Upon their identification, Fahmy violently resisted and needed to be physically restrained in the hotel lobby before being escorted to a reserved room. Once inside, Fahmy was advised of his

Miranda rights both verbally and in writing, which he acknowledged and agreed to speak with agents.

15.  Fahmy stated he contacted the undercover employee's number using the TextPlus application on his Apple iPhone. Fahmy admitted to having a conversation with a person he believed to be the aunt of a 13-year-old female whom the aunt was offering for sexual acts in exchange for money. Fahmy stated they agreed on a price of $100 for "HH," which is shorthand for half hour. At the time of his arrest, Fahmy had (5) $20 bills in his possession, along with keys to a vehicle and a black iPhone cellular telephone ("**SUBJECT DEVICE**"), which is currently in the custody of the FBI. Fahmy stated he traveled from New Cumberland, Pennsylvania to Harrisburg, Pennsylvania in response to the conversation with the undercover employee. Fahmy provided his phone number as (717) 914-8190, the same number listed on the Yahoo subpoena response as the recovery phone number for the email account the undercover employee sent the image of the niece to.

## CONCLUSION

1.  Based on the forgoing, I submit that there is probable cause to believe that the **SUBJECT DEVICE** contains the evidence, fruits,

and/or instrumentalities of the Target Offense. The contents of the **SUBJECT DEVICE** will also assist in determining the location(s) of the users of these devices at pertinent times in the course of these events.

2. Because the object of this search warrant is currently in secure storage maintained by the Federal Bureau of Investigation currently, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night.

# ATTACHMENT A
## Item to be Searched

The warrant applies to the content contained within an iPhone cellular telephone (the "**SUBJECT DEVICE**") that is currently in secure storage maintained by the Federal Bureau of Investigation.

# ATTACHMENT B
## Particular Things to be Seized

The items to be seized are fruits, evidence, information, contraband, or instrumentalities, in whatever form and however stored, relating to the Target Offense that have been committed by Melad FAHMY, as described in the search warrant affidavit; including, but not limited to:

a. All identifying information associated with the **SUBJECT DEVICE**, including, but not limited to, Service Set Identifiers (SSID), Unique Device Identifiers (UDID), Advertising Identifiers, (IDFA), Global Unique Identifiers (GUID), Media Access Control (MAC) addresses, Integrated Circuit Card ID numbers (ICCID) Electronic Serial Numbers (ESN), Mobile Electronic Identity Numbers (MEIN), Mobile Equipment Identifier (MEID), Mobile Identification Numbers (MIN), Subscriber Identity Modules (SIM), Mobile Subscriber Integrated Services Digital Network Number (MSISDN), International Mobile Subscriber Identifiers (IMSI), or International Mobile Equipment Identities (IMEI), and any temporarily assigned network address;

b. IP addresses at skipthegames.com account creation and/or access, registration, and verification;

c. IP log history for skipthegames.com from account inception to the present, including records of session times and durations, if available;

d. IP addresses at TextPlus account creation and/or access, registration, and verification;

e. IP log history for TextPlus from account inception to the present, including records of session times and durations, if available;

f. All cookies associated with skipthegames.com, including machine cookies;

g. All cookies associated with TextPlus, including machine cookies;

h. Electronic communications relating skipthegames.com for the date February 10, 2022;

i. Call detail records, to include all incoming and outgoing calls, including FaceTime calls, for the date February 10, 2022;

j. All text messages sent and received for the date February 10, 2022;

k. TextPlus application access history for the date February 10, 2022;

l. Internet search histories for the date February 10, 2022;

m. Direction assistance search histories, including, but not limited to Google Maps, for the date February 10, 2022.